# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES NEWTON,

    Petitioner,

vs.

ATTORNEY GENERAL, *et al.*,

    Respondents.

_____/

2:16-cv-03017-RFB-VCF

**ORDER**

    This case is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Charles Newton, a Nevada prisoner. On December 28, 2016, Newton filed an application to proceed *in forma pauperis* and a petition for writ of habeas corpus (ECF Nos. 1, 1-1).

    Newton's application to proceed *in forma pauperis* (ECF No. 1) is not on the form required by this court. It appears that Newton has used a form intended for use to apply for *in forma pauperis* status in the Nevada Supreme Court. An application to proceed *in forma pauperis* in this court must generally be made on the form provided by this court. *See* LSR 1-1. However, Newton has properly attached to his *in forma pauperis* application a financial certificate in the correct form and fully completed and signed by a prison officer. In light of the information provided in the financial certificate, the Court will grant Newton's application to proceed *in forma pauperis* and proceed to screen Newton's petition.

The Court has examined Newton's petition for a writ of habeas corpus, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Newton does not state a potentially meritorious habeas corpus claim, as it is plain, from Newton's petition and the documents Newton attached to it, that Newton has not exhausted either of his two claims in the Nevada state courts.

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest state court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In this case, Newton's petition indicates that he seeks to challenge a state-court judgment of conviction entered on October 28, 2015. Petition for Writ of Habeas Corpus, p. 1, ¶ 2. Newton indicates in his petition that he appealed from that conviction, but that the appeal is "ongoing." *Id*., ¶ 3. Later in his petition, with respect to each of his two claims, Newton concedes that neither claim was raised on a direct appeal. *Id*. at pp. 4, 6. Newton suggests that he believes, incorrectly, that his filing of his petition in this federal court is his direct appeal. *See id*.

Newton indicates that he filed a habeas petition in state court, but leaves blank the part of the form regarding the resolution of that petition and the appeal regarding it. *Id*., ¶ 4. Later, with respect to each of his claims, Newton concedes that neither claim was raised on an appeal regarding his state habeas petition. *Id*. at pp. 4, 6. And, here again, Newton suggests that he believes, incorrectly, that this action in federal court is the appeal regarding his state-court habeas petition. *See id*.

1 | Newton has attached to his habeas petition a copy of court minutes from the state court action
2 | in which he was convicted (Case No. C-15-308535-1 in Nevada's Eighth Judicial District Court).
3 | There is no indication in those minutes that Newton appealed from either the judgment of conviction
4 | or the ruling on his state habeas petition.

As it is clear that Newton has not presented in his petition in this case any claim on which federal habeas corups relief could be granted, and that Newton has not exhausted in state court any claim regarding the conviction he seeks to challenge, this action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. The petitioner is not required to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that the clerk of the court shall separately file the petition for writ of habeas corpus, which is currently attached to petitioner's application to proceed *in forma pauperis*, at ECF No. 1-1.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice. The petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the clerk of the court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the clerk of the court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, to the docket for this case, as counsel for respondents. The clerk of court shall serve respondents with a copy of the habeas corpus petition and a copy of this order. Respondents need take no action with respect to this case.

DATED this 16th day of May, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE